76,991-09,10,11

# IN RE COLLINS O. NYABWA

# IN THE 5TH CIRCUIT COURT OF APPEALS

# PETITION FOR EXTRAORDINARY WRIT (MANDAMUS)

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 1 4 2015

Abel Acosta, Clerk

COLLINS O. NYABWA

PETITIONER (*PRO SE*)

1341 W. 43RD STREET, #163

HOUSTON, TX 77018

# TABLE OF CONTENTS

ISSUES PRESENTED_____3

LIST OF PARTIES_____4

ARGUMENT_____5-6

RELIEF SOUGHT_____7

WHY WRIT SHOULD ISSUE_____8

CERTIFICATE OF SERVICE_____9

COPY OF 42 U.S.C. § 1983 COMPLAINT

## ISSUES PRESENTED

1. Does subjecting meritorious *Pro se* litigants to unnecessary delays using needless procedural technicalities amount to Judicial/Political Oppression?

2. Are State Appellate justices bound by 5th Circuit precedents?

## LIST OF PARTIES

- COLLINS O. NYABWA (PETITIONER *PRO SE*)

- PRESIDING JUDGE SHARON KELLER, TEXAS COURT OF CRIMINAL APPEALS (RESPONDENT)

- U.S. MAGISTRATE JUDGE FRANCES H. STACY, U.S. DISTRICT COURT, SOUTHERN DISTRICT TEXAS (RESPONDENT)

## ARGUMENT

Petitioner will briefly state his case which is spelt out in detail in the attached 42 U.S.C. § 1983 complaint. Petitioner was charged and convicted in Texas with 3 counts of Improper Photography §21.15(b)(1). The Texas law is classified as a sex crime which inherently makes it a political "hot potato" within Texas Courts—striking it down comes with political consequences. As this court knows, Texas Judges are elected through partisan judicial elections in much the same way as regular politicians. Since 2011 petitioner has filed successive writs both in state and federal court (including yours) arguing that §21.15(b)(1) on its face violates the First Amendment of the U.S. Constitution.

Petitioner readily admits that from the beginning he expected some apprehension from the Texas Appellate courts on issues surrounding the constitutionality of §21.15(b)(1) given the obvious political realities in Texas(Deeply Republican state). The political posturing however has gone on too long causing petitioner to suffer needlessly from his void convictions. The Texas Court of Criminal Appeals on 9/17/2014 unanimously declared §21.15(b)(1) unconstitutional in *Ex Parte Ronald Thompson,* S.W. 3d__(Tex.Crim.App. 2014) (No. PD-1371-13; 9-17-14). This however opened up yet another "hot potato" valid legal question in Texas—Whether people convicted and imprisoned using §21.15(b)(1) are "actually innocent" and thus entitled to state compensation?

At the time of the ruling in *ExParte Thompson,* petitioner's federal §2254(case # 4-12-cv-01152) was on remand from your court to U.S. District Court, Southern District, Texas

5

(Houston). Your court had already ruled that petitioner had exhausted state remedies. Your Court also assigned the proper respondent (TDCJ Director). The federal magistrate however in an effort clearly meant to unnecessarily delay the case, assigned federal immigration officials as respondents in petitioner's case. Then after *Ex Parte Thompson*, instead of granting petitioner the clearly merited relief and ruling on his "actual innocence" claim, the federal magistrate forced upon petitioner a court appointed attorney to file yet another state habeas at the Texas Court of Criminal Appeals. The magistrate stayed petitioner's federal habeas while the *sua sponte* attorney sought relief with the Texas High Court.

As petitioner stated in his 42 U.S.C.§1983 complaint, all this was part of a politically motivated delay aimed at not entertaining petitioner's "actual innocence" claim until after September 1, 2015 when the new Improper Photography law comes into effect. The federal magistrate would have been forced to grant petitioner's "actual innocence" claim based on *Reyes-Requena v United States*, 243 F. 3d 893, 903-4 (5th Cir. 2011) and thus for purely political reasons decided to take petitioner back to state court. Petitioner has suffered terribly as a result and hopes the 5th circuit court seriously reprimands this errant magistrate.

## **RELIEF SOUGHT**

Petitioner kindly request that;

1.  This Court IMMEDIATELY takes over his federal §2254 habeas, GRANT RELIEF and declare petitioner ACTUALLY INNOCENT or;

2.  Direct the Federal Magistrate to IMMEDIATELY lift the politically motivated STAY, GRANT RELIEF and declare petitioner ACTUALLY INNOCENT or;

3.  If jurisdictionally feasible ORDER the Texas Court of Criminal Appeals to IMMEDIATELY GRANT RELIEF and declare petitioner ACTUALLY INNOCENT

## REASONS WHY WRIT SHOULD ISSUE

### WRIT WILL BE IN AID OF COURT'S APPELLATE JURISDICTION

Both the U.S. District Court and Texas Court of Criminal Appeals fall within the jurisdiction of the 5th Circuit Court of Appeals. Appellate problems emanating from these court, political or otherwise, ultimately reflect upon the 5th circuit court. Petitioner's case is one of political oppression which should be taboo in any circuit not just the 5th.

### STATE APPELLATE PROBLEM ACKNOWLEDGED

Petitioner's writ also raised a serious problem plaguing state appellate courts that has been acknowledged by senior appellate justices. Simply stated partisan judicial elections are wrecking havoc on judicial independence in state appellate courts. As petitioner stated in his 42 U.S.C.§ 1983 complaint, these are not the mere rumblings of a convicted felon. Justice Marsha Ternus (Former Iowa Chief Justice) and Barbara Pariente (Former Florida Chief Justice) have both acknowledged the problem.

## CERTIFICATE OF SERVICE

I <u>Collins O. Nyabwa</u> hereby certify that on this the 24th day of August 2015 a true and proper copy of this petition was mailed to the defendants at the following address:

1. **U.S. Magistrate Frances H Stacy**

   **515 Rusk Street**

   **Houston, TX 77002**

2. **Presiding Judge Sharon Keller**

   **Court of Criminal Appeals**

   **P.O. Box 12308**

   **Austin, Texas 78711**

**Collins O. Nyabwa**

**Petitioner (*Pro se*)**

**1341 W. 43RD Street, #163**

**Houston, TX 77018**